UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dorothy A. Spurlock,                                        Case No.  3:14-cv-01166

                Plaintiff

      v.

                                           MEMORANDUM OPINION &
                                           ORDER

University of Toledo,

                Defendant


       Before me is the motion of Plaintiff Dorothy Spurlock for an order pursuant to Rule 41(a)(2) dismissing her complaint without prejudice.  (Doc. No. 12).  Spurlock also asks that I apply the doctrine of prospective equitable tolling to toll the statute of limitations for one year following the entry of an order dismissing her case.  Defendant the University of Toledo does not oppose Spurlock's motion to dismiss without prejudice but objects to her request to toll the statute of limitations.  (Doc. No. 14).

       Rule 41(a)(2) permits a plaintiff to ask the court to dismiss the complaint without prejudice after the opposing party has filed an answer.  Fed. R. Civ. P. 41(a)(2).  The court's primary consideration in ruling on Rule 41(a)(2) motions is to protect the nonmoving party from unfair treatment.  *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  A court has the discretion to grant the motion if the defendant would not suffer "'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit."  *Id.* (quoting *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).  Subject to the conditions

discussed below, Spurlock's motion to dismiss without prejudice will be granted, as Defendant does not assert it would suffer any legal prejudice as a result.  *See* 8 Moore's Fed. Practice § 41.40[5][a] (Matthew Bender 3d ed.) ("A motion for voluntary dismissal that is not opposed or met with a relevant objection should generally be granted.").

Spurlock's request that the applicable statute of limitation be tolled for up to one year is more problematic, however, and impacts her request for dismissal without prejudice.  Spurlock has requested dismissal because "she has limited funds to pay the costs and expenses of litigation, and needs additional time to collect resources for this purpose." (Doc. No. 12 at 2).  She states her attorneys have not agreed to advance litigation funds on her behalf and also have notified her they intend to withdraw from further representation "for reasons related to these financial case issues . . . ." (Id.).  Spurlock states she also intends to dismiss her pending case in the Ohio Court of Claims but notes Ohio law permits her to refile her case within one year of dismissal.  *See* O.R.C. § 2305.19(A) ("In any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.").  Spurlock asserts that the application of the Ohio Savings Statute in this case would permit her to "avoid the prejudice of being rushed back into court before legal and financial arrangements can be made to litigate the case, while [Defendant] is saved the hassle of staggered cases and the uncertainty of whether one set of claims might proceed without the other." (Doc. No. 12 at 4).  Defendant objects to Spurlock's request for equitable tolling.

Spurlock's complaint contains five counts.  The first two counts assert claims for race discrimination and harassment as well as sex discrimination in violation of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (Doc. No. 4 at 5-7).  The next two counts assert claims of disability discrimination and failure to accommodate in violation of the Rehabilitation Act of 1973, 29 U.S.C.

§ 701, *et seq.* (Doc. No. 4 at 7-9). The fifth count asserts a claim of retaliation in violation of §

2000e *et seq.* and § 701 *et seq.* (Doc. No. 4 at 9-10).

State savings statutes may not be incorporated into federal statutes that contain limitation

provisions. In *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424 (1965), the Supreme Court declined

to apply O.R.C. § 2305.19(A) to extend the statute of limitations provision of the Federal Employers

Liability Act, holding "[t]he incorporation of variant state saving statutes would defeat the aim of a

federal limitation provision designed to produce national uniformity." *Id.* at 433; *see also Johnson v. Ry.*

*Exp. Agency, Inc.*, 489 F.2d 525, 531 (6th Cir. 1973) (holding state savings clause did not extend the

period within which to refile a Title VII action following dismissal without prejudice).

The Rehabilitation Act does not contain a specific limitations period, but draws its statute of

limitation from applicable state law. *See, e.g., Whitehead v. Ohio Rehab. Servs. Comm'n*, No. 1:09-cv-

2443, 2010 WL 3122831, at *2 (S.D. Ohio August 9, 2010) (quoting *McCullough v. Branch Banking &*

*Trust Co.*, 35 F.3d 127, 129 (4th Cir. 1994)). Thus, Spurlock has until the expiration of the

appropriate state limitations period or one year from the date of the entry of an order dismissing her

Rehabilitation Act claims, whichever is later, to refile those claims. *See Harris v. United States*, 422

F.3d 322, 331-32 (6th Cir. 2005) (citing *Lewis v. Connor,* 487 N.E.2d 285, 287 (Ohio 1985)).

Conversely, plaintiffs who seek to file claims under the Civil Rights Act must do so within 90

days after the receipt of a right-to-sue letter from the EEOC. *See, e.g., Truitt v. Cnty of Wayne*, 148

F.3d 644, 647 (6th Cir. 1998). The presence of the federal limitations period prohibits the

application of the Ohio Savings Statute. *Johnson*, 489 F.2d at 530 ("The state statute of limitations

and its savings clause are never reached . . . because the federal statute is not silent.").

While Spurlock may not rely on the Ohio Savings Statute to protect her claims, the

limitations period is subject to equitable tolling, as timely filing is a prerequisite to maintaining a

lawsuit and not a jurisdictional requirement. *Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007)

(citing *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003)). Equitable tolling is to be applied "only

sparingly." *Dixon*, 481 F.3d at 331 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Tolling decisions are made on a case-by-case basis, and a court may assess the appropriateness of

tolling by analyzing the following relevant factors:

> (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the
> filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to
> the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the
> particular legal requirement. *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 469 (6th Cir.
> 2003).

*Dixon*, 481 F.3d at 331; *see also Jenkins v. Widnall*, 211 F.3d 1269, at *2 (6th Cir. 2000) (unpublished

table decision) ("Both the Supreme Court and the Sixth Circuit have repeatedly declined to toll the

limitations period where the plaintiffs have failed to demonstrate extreme circumstances.") (citing

*Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) and *Jones v. Gen. Motors Corp.*, 939 F.2d

380, 385 (6th Cir. 1991)).

Spurlock's circumstances differ from the typical equitable tolling scenario, as she filed her

complaint within the limitations period.  Thus, the first, second, and fifth factors are not relevant to

my determination.  The third factor weighs in Spurlock's favor, as her initial timely filing shows

diligence.

I conclude, however, her request may cause Defendant to suffer undue prejudice.  Spurlock

seeks compensatory damages for back pay and lost benefits since her termination.  She asserts she

has been unemployed since Defendant terminated her.  (Doc. No. 12-1 at 1).  Thus, Spurlock's

alleged damages would continue to accrue during the time period from dismissal until she refiles her

suit.

Moreover, Spurlock's reasons for seeking dismissal – her financial hardship and the

possibility she will need to proceed pro se if her attorneys are permitted to withdraw from the case –

are not sufficient to warrant the application of prospective equitable tolling.  *See, e.g., Hannahs v.

United States*, No. 94-2459, 1995 WL 230461, at *3 (W.D. Tenn. Jan. 30, 1995) ("Financial hardship

. . . is not sufficient to warrant equitable tolling of the limitations period . . . ."); *Johnson v. Johnson*, No. 98-10947, 1999 WL 767047, at *1 (5th Cir. Sept. 3, 1999) (declining to apply equitable tolling doctrine for indigent habeas petitioner); *Butler v. San Francisco Unified School Dist.*, No. 90-16480, 1992 WL 180214, at *2 (9th Cir. July 29, 1992) (declining to apply equitable tolling doctrine where Title VII plaintiff argued, in part, he lacked financial resources and could not obtain an attorney); *Booker v. U.S. Postal Serv.*, No. 97-30259, 1997 WL 802483, at *1 (5th Cir. Nov. 19, 1997) (declining request for equitable tolling based on fact Title VII plaintiff was pro se). *Cf. Lomax v. Sears, Roebuck, & Co.*, No. 99-6589, 2000 WL 1888715, at *6 (6th Cir. Dec. 19, 2000) (per curiam) (unpublished table decision) ("[A]ll [Title VII] claimants, including pro se claimants, have a responsibility to meet the requirements of the law . . . .").

Nor is Spurlock entitled to equitable tolling of the limitations period because her financial hardship, at least in part, is the result of her termination by Defendant. *See Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 152 (declining to apply equitable tolling to respondent's Title VII claims and stating "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). There is no limiting principle which could restrict a ruling that a plaintiff is entitled to equitable tolling based only upon plausible allegations of discriminatory conduct set forth in a complaint.

Thus, the likely practical effect of my rejection of Spurlock's request for prospective equitable tolling of the limitations period would be to convert her motion to dismiss from a voluntary dismissal without prejudice to one with prejudice – at least as to her Title VII claims. Accordingly, Spurlock is entitled to an opportunity to withdraw her motion to dismiss. *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010). Spurlock shall notify the court of her intentions, through a filing on the public docket, no later than March 6, 2015. Spurlock may, of course, use this time period to negotiate terms and conditions with Defendant to secure Defendant's stipulation to a dismissal without prejudice under Rule 41(a)(1), to seek alternative

counsel to assist her in prosecuting this case, or to decide to proceed with her case pro se.  If Spurlock does not file a notice of her intentions on or before March 6, 2015, I will enter an order of final judgment rejecting her request to toll the limitations period and dismissing her complaint without prejudice pursuant to Rule 41(a)(2).

Additionally, all outstanding deadlines set forth in the Case Management Conference order, including the discovery and dispositive motion deadlines, are vacated and will be held in abeyance pending further order of this court.  (*See* Doc. No. 11).

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge